Citation Nr: 1554527 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 10-03 020 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUES

1. Entitlement to service connection for gastroesophageal reflux disease.

2. Entitlement to service connection for a low back disability claimed as lumbar myositis.

3. Entitlement to service connection for a chronic neck disorder claimed as cervical myositis. 


ATTORNEY FOR THE BOARD

G. Wasik, Counsel



INTRODUCTION

The Veteran served in the Puerto Rico National Guard from 2001 to 2013 with active duty training from October 10, 2002 to March 5, 2003, and periods of active duty service from October 27, 2003 to July 11, 2004, and from November 3, 2006 to March 16, 2008, to include service in Southwest Asia during the Persian Gulf War. He had continued National Guard service thereafter until 2013 with additional periods of active duty for training (ADT) and inactive duty for training.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a March 2009 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, Puerto Rico. 

The issues on appeal were last before the Board in January 2013 when they were remanded for additional evidentiary development. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required on his part.


REMAND

As stated in the introduction, the issues on appeal were last before the Board in April 2015 when they were remanded to afford the Veteran additional VA examinations. At that time, the Board observed that the Veteran's service treatment records, from his third period of service include a Post-Deployment Health Assessment dated in January 2008. At that time he indicated developing back pain and numbness/tingling in the extremities during his deployment, but specifically denied problems with frequent indigestion. About a year later, the Veteran underwent VA examination. He reported that several months after arriving in Afghanistan he noticed heartburn symptoms, reflux and excessive belching, which he treated with over the counter medications. There was no radiographic evidence of GERD. During the orthopedic portion of the examination, the Veteran reported a history of back pain which he attributed to wearing a flight jacket and armored vest, which persisted through his second tour of duty and worsened after arriving in Iraq. He also experienced neck pain and stiffness during that time, which he attributed to wearing a helmet and carrying a rifle. The diagnoses were cervical and lumbar myositis. 

In its April 2015 remand instructions, the Board directed that the Veteran be afforded VA examinations to determine the etiology of the claimed gastroesophageal reflux disease, low back and neck disorders. The remand instructions specifically directed the following:

In providing this opinion, the examiner(s) is asked to address the Veteran's documented complaints during his January 2008 post-deployment health assessment as the possible onset of, or precursor to, any diagnosed disability and discuss the likelihood that any current symptoms, including heartburn reflux/ esophagitis and cervical and lumbar myositis and disc disease, would have resulted from them. In addition to carefully considering the objective medical findings in the service treatment records, the examiner(s) should also consider all post-service treatment including, but not limited to the December 2008 VA examination report, the December 2012 VA examination report, and the April 2013 VA examination report. The examiner(s) is advised that the Veteran is competent to report his symptoms, and that his reports (lay observations) must be considered in formulating the requested opinion. If his reports are discounted, the examiner(s) should provide the medical reasons for doing so.

In an attempt to comply with the Board's remand instructions, the RO arranged for the Veteran to undergo VA examinations in May 2015. Unfortunately, the Board's review of the pertinent examination reports demonstrates that they are not responsive to the Board's remand instructions. With regard to the neck and back claims, the examiner noted the Veteran reported his symptoms began during active duty in 2007 and increased in 2009. With regard to the gastroesophageal reflux disease, the examiner noted the Veteran reported that he experience reflux and heartburn during active duty and that the symptoms became progressively worse. 

With regard to the low back claim, the examiner diagnosed lumbosacral strain and opined that the lumbosacral strain was not etiologically linked to the Veteran's active duty service. The rationale provided was as follows:

THE BACK SYMPTOMS REPORTED BY THE VETERAN WAS ALSO DOCUMENTED ON JUNE 28, 2006 AT HIS DOCTOR DIAGNOSE LOW BACK PAIN "ASSOCIATED TO MUSCLE SPASM DUE TO POOR POSTURE" AT VA CLINICS AS SEE AT CPRS MEDICAL RECORD. THE VETERAN ENTERED ON ACTIVE SERVICE DURING PERIOD OF: 11/03/2006 TO 03/16/2008 AND 10/27/2003 TO 07/11/2004. THE VETERAN PRESENTED THE SYMPTOMS BEFORE HIS LAST ACTIVE SERVICE PERIOD (11/03/2006 TO 03/16/2008).

With regard to the neck claim, the examiner diagnosed cervical strain and degenerative arthritis of the spine which he opined was not etiologically linked to the Veteran's active duty service. The rationale provided was as follows:

THE VBMS RECORDS ARE SILENT FOR COMPLAINTS OF CERVICAL PAIN DURING ACTIVE SERVICE; THERE IS NO EVIDENCE OF MEDICAL EVALUATION OR TREATMENT DURING THIS PERIOD. THE EVIDENCE WAS ALSO DOCUMENTED ON DECEMBER 2008 AT C&P GENERAL MEDICAL EXAMINATION PERFORMED, AT THIS MOMENT NOT PRESENT RADIOGRAPHIC EVIDENCE AT PRESENT NORMAL CERVICAL SPINE ON DEC 15, 2008. THE VETERAN DIAGNOSED WITH CERVICAL MULTILEVEL DEGENERATIVE CHANGES ON DECEMBER 21, 2009 AT PERSISTED CHRONIC CERVICAL PAIN.


With regard to the gastroesophageal reflux disease claim, the examiner diagnosed the disorder and opined that it was not etiologically linked to the Veteran's active duty service. The rationale provided was as follows:

SERVICE TREATMENT RECORDS ARE SILENT FOR COMPLAINTS, EVALUATION, TREATMENT OF GASTROESOPHAGEAL REFLUX DISEASE DURING HIS ACTIVE MILITARY SERVICE. The VETERAN HAD A UPPER GI DONE DEC 19, 2008, IMPRESSION: NORMAL EXAMINATION. HENCE, NO EVIDENCE OF RADIOGRAPHIC GASTROESOPHAGEAL REFLUX FOUND IN THIS EXAM. THIS EVIDENCE WAS ALSO DOCUMENTED ON C&P GENERAL MEDICAL DONE DEC 2008. THERE IS EVIDENCE ON VBMS THAT VETERAN WAS DIAGNOSED WITH GERD ON A QTC EVALUATION DONE 4/11/2013, SEVERAL YEARS AFTER BEING RELEASE FROM SERVICE. 

The Board finds the rationales provided are confusing at best and do not appear to actually be a rationales. Significantly, the examiner did not discuss the Veteran's self-reported symptomology to include complaints of in-service symptomology as documented on the January 2008 post-deployment health assessment or his other reports. Furthermore, the examiner did not discuss the reports of VA examinations in 2008, 2012 and 2013 as directed by the remand instructions. The above noted deficiencies in the VA examination reports means that the May 2015 VA examination reports are not responsive to the Board's remand instructions. In the case of Stegall v. West, 11 Vet. App. 268 (1998), the United States Court of Appeals for Veterans Claims (known as the United States Court of Veterans Appeals prior to March 1, 1999) (hereinafter, "the Court") held that a remand by the Board imposes upon the Secretary of the VA a concomitant duty to ensure compliance with the terms of the remand. It was further held that where the remand orders of the Board are not complied with, the Board errs in failing to insure compliance. The Court also noted that its holdings in that case are precedent to be followed in all cases presently in remand status. Id. In light of the foregoing, this case must be remanded again for the actions set forth below. 

Accordingly, the case is REMANDED for the following action:

1. The RO or the AMC should undertake appropriate development to obtain any outstanding evidence pertinent to the Veteran's claims.

2. Then, all pertinent evidence of record must be made available to and reviewed by the examiner who conducted the April 2015 VA examinations for the low back, neck and gastroesophageal reflux disease claims. The examiner should be requested to prepare an addendum which addresses the following:

a). The examiner must address the Veteran's documented complaints to include those noted on his January 2008 post-deployment health assessment as to the possible onset of, or precursor to, any diagnosed disability and discuss the likelihood that any current symptoms, heartburn reflux/ esophagitis, and cervical and lumbar myositis and disc disease, would have resulted from them. In addition to carefully considering the objective medical findings in the service treatment records, the examiner should address all post-service treatment including, but not limited to the December 2008 VA examination report, the December 2012 VA examination report, and the April 2013 VA examination report. Again, the examiner must address the in-service and post-service complaints, symptomology and medical evidence (or the lack thereof). The examiner is advised that the Veteran is competent to report his symptoms, and that his reports (lay observations) must be considered in formulating the requested opinions. If the Veteran's reports are discounted, the examiner should provide the medical reasons for doing so. If the examiner finds that the diagnosed disability or disabilities are not related to service, he or she should comment as to the likely etiology (e.g. age, post-service injury, etc.). All opinions must include a complete rationale. An examiner's report that he or she cannot provide an opinion without resort to speculation is inadequate unless the examiner provides a rationale for that statement.

The Veteran should only be scheduled for another VA examination if the examiner determines that the requested opinions cannot be provided without examination. If the examiner who conducted the April 2015 VA examinations is not available, arrange to have the claims file reviewed by a suitably qualified health care professional who should be tasked with answering the above questions. 

3. The RO or the AMC should also undertake any other development it determines to be warranted.

4. Then, the RO or the AMC should readjudicate the Veteran's claims. If any benefit sought on appeal is not granted to the Veteran's satisfaction, the Veteran should be provided a supplemental statement of the case and the requisite opportunity to respond before the case is returned to the Board for further appellate action.

By this remand, the Board intimates no opinion as to any final outcome warranted.

The Veteran need take no action unless he is otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This REMAND must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
DEBORAH W. SINGLETON
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).